UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN HOITT,

    Plaintiff,

v.                                             Case No:

DISCOVER PRODUCTS, INC. d/b/a
DISCOVER BANK,

                                          **DEMAND FOR JURY TRIAL**

    Defendant.
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **STEPHEN HOITT** ("Mr. Hoitt" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against **DISCOVER PRODUCTS, INC. d/b/a DISCOVER BANK** ("Defendant") and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 et. seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such Debt by placing calls to Mr. Hoitt's Cellular Telephone using an Automatic Telephone Dialing System or an artificial or prerecorded voice after he expressly revoked consent for Defendants to place such calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **1** of **9**

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5. Plaintiff, Mr. Hoitt, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Mr. Hoitt is the regular user and subscriber of the cellular telephone number 732-***-7642 ("Mr. Hoitt's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is a corporation with its principle place of business located in Utah. Defendant's registered agent is CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

## *Statements of Fact*

8. Mr. Hoitt opened a credit card account with Defendant ("Account").

9. Sometime thereafter, Mr. Hoitt fell behind on his monthly credit card payments, incurring an outstanding balance ("Debt").

10. In or around 2014, Mr. Hoitt began receiving calls from Defendant in an attempt to collect on the outstanding balance.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **2** of **9**

11. Mr. Hoitt answered one or more of Defendant's first few calls and demanded that they stop calling his Cellular Telephone.

12. Despite his request for Defendant's calls to stop, Defendant continued to call Mr. Hoitt's Cellular Telephone in attempts to collect the Debt.

13. Defendant called Mr. Hoitt's Cellular Telephone multiple times a day over the next few years following Mr. Hoitt's demand to stop calling his Cellular Telephone.

14. Mr. Hoitt has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

15. Mr. Hoitt re-alleges paragraphs 1-14 and incorporates the same herein by reference.

16. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

17. Mr. Hoitt revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message when he expressly told Defendant to stop calling him during one of Defendant's first few calls.

18. Despite this revocation of consent, Defendant thereafter called Mr. Hoitt's Cellular Telephone continuously for the next few years.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **3** of **9**

19. Defendant did not place any emergency calls to Mr. Hoitt's Cellular Telephone.

20. Defendant willfully and knowingly placed non-emergency calls to Mr. Hoitt's Cellular Telephone.

21. Mr. Hoitt knew that Defendant called Mr. Hoitt's Cellular Telephone using an ATDS because he heard a pause when he answered one of the first few calls from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

22. Mr. Hoitt knew that Defendant called Mr. Hoitt's Cellular Telephone using a prerecorded voice because he heard a recorded message when he answered at least one of the first few calls from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

23. Defendant used an ATDS when it placed at least one call to Mr. Hoitt's Cellular Telephone.

24. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Hoitt's Cellular Telephone.

25. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Mr. Hoitt's Cellular Telephone.

26. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Hoitt's Cellular Telephone.

27. At least one call that Defendant placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called by the dialing system.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **4** of **9**

28. At least one call that Defendant placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

29. At least one call that Defendant placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

30. At least one call that Defendant placed to Mr. Hoitt's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

31. At least one call that Defendant placed to Mr. Hoitt's Cellular Telephone was made using a prerecorded voice.

32. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Hoitt, for its financial gain.

33. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Hoitt's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

34. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Hoitt, despite individuals like Mr. Hoitt revoking any consent that Defendant believes it may have to place such calls.

35. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **5** of **9**

individual's cellular telephones, like the calls that it placed to Mr. Hoitt's Cellular Telephone.

36. Defendant has corporate policies to abuse and harass consumers like Mr. Hoitt despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

37. Defendant's phone calls harmed Mr. Hoitt by trespassing As direct evidence of Defendant's corporate policies and procedures as described above, since August of 2013, Defendant has had at least ninety-one (91) complaints regarding its telephone contact with consumers categorized as "Frequent or repeated calls" filed against it with the Consumer Financial Protection Bureau. *See Exhibit A*.

38. upon and interfering with Mr. Hoitt's rights and interests in his Cellular Telephone line.

39. Defendant's phone calls harmed Mr. Hoitt by wasting his time.

40. Defendant's phone calls harmed Mr. Hoitt by causing him emotional distress.

41. Defendant's phone calls harmed Mr. Hoitt by being a nuisance and causing him aggravation.

42. Defendant's phone calls harmed Mr. Hoitt by causing a risk of personal injury to Mr. Hoitt due to interruption and distraction.

43. Defendant's phone calls harmed Mr. Hoitt by invading his privacy.

44. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **6** of **9**

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Florida Consumer Collections Practices Act ("FCCPA")*

45. Mr. Hoitt re-alleges paragraphs 1-14 and incorporates the same herein by reference.

46. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Mr. Hoitt with such frequency as can reasonably be expected to harass Mr. Hoitt and by persistently and continuously attempting to collect a Debt after Mr. Hoitt demanded Defendant stop calling his Cellular Telephone.

47. As a result of the above violation of the FCCPA, Mr. Hoitt has been subjected to illegal collection activities for which he has been damaged.

48. Defendant's actions have damaged Mr. Hoitt by invading his privacy.

49. Defendant's actions have damaged Mr. Hoitt by causing his emotional distress.

50. Defendant's actions have damaged Mr. Hoitt by causing him embarrassment.

51. Defendant's actions have damaged Mr. Hoitt by causing him stress.

52. Defendant's actions have damaged Mr. Hoitt by causing him aggravation.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **7** of **9**

53. Defendant's actions have damaged Mr. Hoitt by harming his reputation.

54. It has been necessary for Mr. Hoitt to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

55. All conditions precedent to this action have occurred.

   **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by § 559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by Defendant; and

   f. Any other and further relief as this Court deems equitable.

   Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **8** of **9**

## **DEMAND FOR JURY TRIAL**

Plaintiff, **STEPHEN HOITT**, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 25, 2017**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hoitt v. Discover Products, Inc. d/b/a/ Discover Bank*
Page **9** of **9**